FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

JUL 31 2026

ERIK PALTROW
CLERK OF COURT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**LAS CRUCES DIVISION**

**NELSON JUMA KAP-KIRWOK,**
Plaintiff,

v.

**Civil Case No.: 2:26-cv-**2505

**JACOB HERRON**, in his individual capacity;
**SKYLAR DAVIS**, in his individual capacity;
**DR. ALEXANDRA ECKHOFF**, in her individual capacity;
**JOHN/JANE DOE OFFICERS** of the
New Mexico Livestock Board;
**JOHN/JANE DOE OFFICERS** of the
New Mexico State Police;
and, for state-law claims only,
**NEW MEXICO LIVESTOCK BOARD**,
Defendants.

---

# CIVIL RIGHTS COMPLAINT

(42 U.S.C. § 1983, New Mexico Civil Rights Act,
and Supplemental State-Law Claims)

Plaintiff Nelson Juma Kap-Kirwok, proceeding pro se, alleges:

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, for violations of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights).

3. Plaintiff also brings related state-law claims—including violations of the New Mexico Constitution, malicious prosecution, and abuse of process—pursuant to the New Mexico Civil Rights Act (NMSA 1978, § 41-4A-1 et seq.), the New Mexico Tort Claims Act (NMSA 1978, § 41-4-1 et seq.), and this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

4. Venue is proper in the District of New Mexico, Las Cruces Division, under 28 U.S.C. § 1391(b) because the events, acts, omissions, and injuries giving rise to these claims occurred primarily in Doña Ana County, New Mexico, and Plaintiff resides within this judicial district.

## II. PARTIES

5. Plaintiff Nelson Juma Kap-Kirwok is an individual residing at 2406 Wildwind Rd, Las Cruces, New Mexico 88007. Plaintiff is a livestock owner, self-employed farmer, and business professional

who operated an agricultural farm and associated enterprises at 24735 NM Hwy 549, Doña Ana County, New Mexico.

6. Defendant Jacob Herron was at all relevant times an Inspector for the New Mexico Livestock Board acting under color of state law. He is sued in his individual capacity for damages.

7. Defendant Skylar Davis was at all relevant times a Supervisor for the New Mexico Livestock Board acting under color of state law. He is sued in his individual capacity for damages.

8. Defendant Dr. Alexandra Eckhoff was at all relevant times a Field Veterinarian for the New Mexico Livestock Board acting under color of state law. She is sued in her individual capacity for damages.

9. Defendants John/Jane Doe Officers of the New Mexico Livestock Board are individuals whose true names and capacities are presently unknown to Plaintiff, employed by or acting on behalf of NMLB, who participated in the unlawful acts described herein. They are sued in their individual capacities.

10. Defendants John/Jane Doe Officers of the New Mexico State Police are individuals whose true names and capacities are presently unknown to Plaintiff, employed by or acting on behalf of NMSP, who participated in the unlawful search, arrest, and enforcement acts described herein. They are sued in their individual capacities.

11. Defendant New Mexico Livestock Board is an administrative state agency of the State of New Mexico headquartered in Albuquerque, New Mexico. NMLB is named for state-law and New Mexico Civil Rights Act claims only.

12. At all times relevant, Defendants acted under color of state law and within the course and scope of their official duties or authority as state actors.

## III. FACTUAL ALLEGATIONS

### A. Initial Contact and June 12–13, 2023 Events

13. On or about June 9, 2023, Defendant Davis instructed Defendant Herron to contact New Mexico State Police Officer Manuel Carrera regarding livestock observed near NM Hwy 549, specifically targeting Plaintiff's property at 24735 NM Hwy 549.

14. Officer Carrera relayed concerns about feed frequency and animals eating trash and provided Plaintiff's farm address to Defendant Herron.

15. On June 12, 2023, Defendant Herron conducted an unannounced welfare check at Plaintiff's property. Herron viewed the property from outside closed gates and observed a rescued miniature pony with long hooves and thin body condition. Herron obtained Plaintiff's phone number from an individual on site.

16. On June 13, 2023, Defendant Herron returned to Plaintiff's property and engaged in a conversation with Plaintiff. Plaintiff explained that he had rescued the pony from a prior owner who intended to shoot it and that he had been actively caring for and rehabilitating the animal.

17. During this encounter, Defendant Herron demanded immediate veterinarian and farrier intervention, threatened Plaintiff with criminal animal-cruelty charges, and demanded Plaintiff produce personal identification.

18. On his own private farm, Plaintiff asserted his constitutional rights by:

a. Asking whether he was suspected of a crime or under arrest;

b. Declining to produce physical identification absent reasonable suspicion or lawful authority;

c. Stating that he would arrange veterinary care independently; and

d. Ending the consensual encounter and ordering Defendant Herron to leave the private property.

19. In response to Plaintiff asserting his rights, Defendant Herron attempted to hand Plaintiff an unidentified document, which Plaintiff declined. Plaintiff then departed his property to transport the rescued pony to an independent veterinarian recommended by a friend.

20. After Plaintiff departed, Defendant Herron prepared and posted a generic New Mexico Livestock Board Impoundment Form on Plaintiff's front gate, purporting to impound all goats, cows, horses, chickens, and sheep located on Plaintiff's farm, warning that animals not claimed within five days could be sold as estrays—even though all animals remained on Plaintiff's land and no individualized identification, inspection, or head count had been performed.

21. Defendant Herron subsequently treated Plaintiff's transport of the rescued pony to a veterinarian as non-compliance with the impoundment notice and as criminal "tampering with evidence," using this narrative to build purported probable cause for search and arrest warrants.

**B. Warrants, Search, Welfare Exam, and Arrest**

22. On or about June 22–23, 2023, Defendants prepared and submitted affidavits for a search warrant and an arrest warrant in Doña Ana County Magistrate Court, relying on Defendant Herron's narrative.

23. These affidavits described the pony's condition, Plaintiff's refusal to obtain an immediate veterinarian, Plaintiff's refusal to provide identification, and transport of the pony following the impound notice. The affidavits materially omitted and mischaracterized key facts, including Plaintiff's intent to seek veterinary care and the absence of broader herd neglect.

24. Based on these misleading affidavits, Magistrate Judge Bryan Gelecki issued Search Warrant M-14-MR-2023-00837 and Arrest Warrant M14M2202300837, charging Plaintiff with Cruelty to Animals, Tampering with Evidence, Penalty for Violating a Board Rule, Resisting/Evading/Obstructing an Officer, and Concealing Identity.

25. On June 30, 2023, NMLB and NMSP personnel executed the search warrant at Plaintiff's property, with active participation by the named Defendants.

26. During execution of the warrant, Defendant Eckhoff conducted a formal veterinary welfare exam of approximately 135 head of livestock and documented that all animals were in adequate to good condition (BCS 2.5–5/5 and 4–5/9), with abundant food and water available.

27. Despite these exculpatory findings, Defendants arrested Plaintiff upon his arrival at the property, advised him of multiple serious criminal charges, and took him into custody.

28. Plaintiff immediately invoked his right to counsel and spent years defending against these criminal allegations.

**C. September 2023 APNM Complaint and UNFOUNDED Determination**

29. On or about September 7–8, 2023, Animal Protection New Mexico forwarded an anonymous cruelty complaint alleging starvation, dead animals being fed to other animals, and foul odors emanating from Plaintiff's farm.

30. NMLB Inspectors, including Defendant Davis, visually inspected Plaintiff's livestock from the perimeter and an adjacent property after Plaintiff, through counsel, declined voluntary entry.

31. NMLB's incident report documented that:

a. Multiple livestock species were visible within a large pen;

b. Food and water were abundant;

c. No animals appeared emaciated or injured;

d. No unreasonable foul odor was present; and

e. Only an old set of bones and a bird wing were observed.

32. NMLB inspectors formally logged the APNM complaint as UNFOUNDED, finding no evidence of neglect or animal cruelty.

**D. Criminal Case Outcome and Favorable Termination**

33. Criminal proceedings in Doña Ana County Magistrate Court under Case No. M-14-MR-2023-00837 concluded on July 13, 2026, with a final Judgment & Sentence (Nunc Pro Tunc from June 5, 2024), reflecting that:

a. Count 1 – Failure to Comply with NMLB Rules / Remove Animals from Custody: 128-day unsupervised deferred sentence, completed without violation;

b. Count 2 – Tampering with Evidence (§ 30-22-5): Plaintiff pled Not Guilty and was acquitted by jury verdict;

c. Count 3 – Concealing Identity (§ 30-22-3): concurrent 128-day unsupervised deferred sentence, completed without violation;

d. Count 4 – Cruelty to Animals (§ 30-18-1): dismissed by the prosecution and omitted from the Amended Complaint;

e. Count 5 – Resisting, Evading, or Obstructing an Officer (§ 30-22-1(D)): Plaintiff pled Not Guilty and was acquitted by directed verdict;

f. Counts 6 & 7 – Failure to Brand or Rebrand Livestock (§ 77-9-4): dismissed by the prosecution.

34. This sequence constitutes a favorable termination of all major criminal cruelty, tampering, resisting, and branding charges in Plaintiff's favor and demonstrates that the prosecution was retaliatory, abusive, and unsupported by probable cause.

**E. Damages**

35. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered:

a. Forced distress-sale liquidation and loss of livestock and agricultural assets;

b. Loss of capital investments in infrastructure, equipment, and feed;

c. Loss of future profits and business opportunities;

d. Substantial defense costs and fees;

e. Emotional distress, anxiety, humiliation, and reputational harm; and

f. Deprivation of liberty and invasion of privacy.

## IV. CLAIMS FOR RELIEF

### COUNT I – FOURTH AMENDMENT

**Unlawful Search, Seizure, and False Arrest**

**(42 U.S.C. § 1983)**

36. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

37. Defendants procured and executed search and arrest warrants based on materially misleading affidavits and without probable cause, violating Plaintiff's Fourth Amendment rights.

38. Plaintiff suffered damages as described above.

### COUNT II – FIRST AMENDMENT

**Retaliation**

**(42 U.S.C. § 1983)**

39. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

40. Defendants retaliated against Plaintiff for asserting constitutional rights and refusing consent, by escalating enforcement and pursuing criminal charges, in violation of the First Amendment.

41. Plaintiff suffered damages as described above.

### COUNT III – FOURTEENTH AMENDMENT

**Procedural Due Process**

**(42 U.S.C. § 1983)**

42. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

43. Defendants' vague and overbroad impoundment and subsequent criminalization of normal veterinary transport deprived Plaintiff of property interests without adequate notice or hearing, violating the Due Process Clause.

44. Plaintiff suffered damages as described above.

### COUNT IV – FOURTEENTH AMENDMENT

**Equal Protection / Selective Enforcement**

**(42 U.S.C. § 1983)**

45. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

46. Defendants targeted Plaintiff for aggressive enforcement and prosecution not applied to similarly situated livestock owners, lacking any rational basis and motivated by hostility or retaliation, violating Equal Protection.

47. Plaintiff suffered damages as described above.

## COUNT V – NEW MEXICO CIVIL RIGHTS ACT & STATE-LAW CLAIMS

**Malicious Prosecution and Abuse of Process**

**(NMSA 1978, § 41-4A-1 et seq.; NMSA 1978, § 41-4-1 et seq.)**

48. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

49. Defendants initiated and maintained criminal proceedings against Plaintiff without probable cause and for improper purposes, constituting malicious prosecution and abuse of process under New Mexico law.

50. The proceedings terminated in Plaintiff's favor on all serious counts.

51. Defendant New Mexico Livestock Board is liable for constitutional violations by its employees under NMCRA and Tort Claims Act to the extent allowed by statute.

52. Plaintiff suffered damages as described above.

## V. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Declare that Defendants' acts and omissions violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments and the New Mexico Constitution;

B. Award compensatory damages in an amount to be determined at trial;

C. Award punitive damages against individual Defendants under § 1983, as permitted by law;

D. Award damages against Defendant NMLB under the New Mexico Civil Rights Act and Tort Claims Act to the extent permitted by statute;

E. Award reasonable attorney's fees (if counsel is retained) and costs under 42 U.S.C. § 1988 and New Mexico law;

F. Award pre- and post-judgment interest; and

G. Grant such other relief as the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

______________________________

**Nelson Juma Kap-Kirwok**
Plaintiff, pro se
2406 Wildwind Rd
Las Cruces, NM 88007
Phone: (575) 319-6435
Email: kap@nmsupport.com

Date: July 31, 2026